NOT FOR PUBLICATION

RECEIVED

APR 0 3 2017

AT 8:30_____M
WILLIAM T. WALSH
CLERK

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

STEVEN T. APICELLA, CARL ROBERT
ARON, JOHN A. FACELLA, ROBERT A.
LOPEZ, GREGORY A. MUNCHRATH,
NAGAH M. RAMADAN, CHERRILL
EDWINA SHEA,

               Plaintiffs,

v.

MICHAEL W. HUNTER, B. ERIC
SIVERTSEN, RANDALL N. SMITH,

               Defendants.

Civ. No. 16-3599

**OPINION**

THOMPSON, U.S.D.J.

## INTRODUCTION

       This matter is before the Court on multiple motions. Plaintiffs Steven T. Apicella, Carl

Robert Aron, John A. Facella, Robert A. Lopez, Gregory A. Munchrath, Nagah M. Ramadan,

and Cherrill Edwina Shea (collectively "Plaintiffs") bring a motion to dismiss counterclaims and

motion for partial judgment on the pleadings. (ECF No. 22). Defendants B. Eric Sivertsen and

Randall N. Smith ("Defendants Smith and Sivertsen") oppose. (ECF No. 32). Defendant

Michael W. Hunter ("Defendant Hunter") also opposes. (ECF No. 33). Plaintiffs also bring a

motion for sanctions against Defendants Smith and Sivertsen. (ECF No. 55). Defendants Smith

and Sivertsen oppose. (ECF No. 58). The Court has decided the motions based upon the written

submissions of the parties and a hearing held on February 7, 2017. For the reasons stated herein,

Plaintiffs' motion to dismiss counterclaims will be granted in part and denied in part, Plaintiffs'

motion for partial judgment on the pleadings will be denied, and Plaintiffs' motion for sanctions

will be denied.

1

## BACKGROUND

This is an action for unpaid wages brought under the Fair Labor Standards Act ("FLSA") and the wage statutes of New Jersey, Massachusetts, and Washington. All of the plaintiffs were previously employed by RCC Consultants, Inc. ("RCC"). Six of the seven plaintiffs were also officers of RCC. Defendants are the three members of RCC's board of directors. Defendant Hunter was and is RCC's President and CEO. Defendant Sivertsen was and is the Executive Vice President, Secretary, and Treasurer of RCC. Despite this title, Defendant Sivertsen disputes that he ever functioned in such capacity. Defendant Smith was and is the Chairman of the Board of Directors of RCC. RCC is an entity that is proceeding in Chapter 11 in the United States Bankruptcy Court for the District of New Jersey, Case No. 15-18274 (MBK).

In their Complaint, Plaintiffs allege that Defendants were involved in decisions not to compensate Plaintiffs for work performed in their capacity as employees of RCC. In Count I of Plaintiff's Complaint, Plaintiffs assert a claim for unpaid minimum wage and liquidated damages under the FLSA, 29 U.S.C. § 201, *et seq.* In Counts II and III, Plaintiffs Apicella, Lopez, and Ramadan sue under the New Jersey Wage laws. In Count IV, Plaintiffs Aron and Shea sue under the Washington Wage Law. In Count V, Plaintiff Facella sues under the Massachusetts Wage Payment Law.

Defendant Hunter filed an answer to the Complaint and a counterclaim against Plaintiffs seeking a declaratory judgment that he is not liable to Plaintiffs. (Hunter Ans. and Counterclaim, ¶¶124–130, ECF No. 9). Defendants Smith and Sivertsen filed an answer to the Complaint and filed ten counterclaims against the various Plaintiffs. (*See* ECF No. 8). Defendants Smith and Sivertsen asserted seven cross claims against Defendant Hunter. (*Id.*).

Additionally, Defendants Smith and Sivertsen filed a third-party complaint, which included nine claims, against Third-Party Defendants Richard Morelli ("Morelli"), Lori

2

Beauregard ("Beauregard"), and Thomas Gray ("Gray"). Defendant Hunter also filed a third-party complaint against Morelli, Beauregard, and Gray. Plaintiffs filed a motion to dismiss Defendants' counterclaims and motion for partial judgment on the pleadings as well as a motion for sanctions. These motions are currently before the Court.

## DISCUSSION

### I. Plaintiffs' Motion to Dismiss Counterclaims

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The moving party bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009); *see also Connelly v. Lane Const. Corp.*, No. 14-3792, 2016 WL 106159 (3d Cir. Jan. 11, 2016). However, the court may disregard any conclusory legal allegations. *Fowler*, 578 F.3d at 203. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). If the complaint does not demonstrate more than a "mere possibility of misconduct," the complaint must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

#### a. Defendant Hunter's Counterclaim

Defendant Hunter filed a counterclaim against Plaintiffs seeking a declaratory judgment that he is not liable to Plaintiffs for non-payment of wages because Plaintiffs knowingly

3

developed, approved of, and participated in a plan to forgo wages that they now claim they are entitled to. (Hunter Answer and Counterclaim, ¶¶124–130, ECF No. 9). Plaintiffs argue that consent is not a defense to liability for non-payment of wages under any of the relevant statutes in this case, and as a result, Defendant Hunter's Counterclaim should be dismissed. In response, Hunter argues that Plaintiffs are not employees, but rather are employers under all of the relevant statutes, so any potential bar against waiver or deferment of wages does not apply and his counterclaim is valid. As the moving party, Plaintiffs bear the burden of showing that no claim has been presented, and the Court must construe Defendant Hunter's counterclaim in the light most favorable to him. Plaintiffs have not sufficiently addressed how the employment classifications of the parties, under the relevant statutes in this case, affect Defendant Hunter's counterclaim. Therefore, the Court is not persuaded that Plaintiffs have met their burden of demonstrating that Defendant Hunter has not set forth a plausible counterclaim. Plaintiffs' motion to dismiss Defendant Hunter's counterclaim will be denied.

### b. Defendants Smith and Sivertsen's Counterclaims

Defendants Smith and Sivertsen filed ten counterclaims against the various Plaintiffs.[1] Plaintiffs make several arguments for dismissal of Defendant Smith and Sivertsen's counterclaims.

---

[1] 1) Breach of Contract against Plaintiff Aron; 2) Fraud against Plaintiffs Apicella, Aron, Munchrath, Lopez, Ramadan and Facella; 3) Intentional Misrepresentation against Plaintiffs Apicella, Aron, Munchrath, Lopez, Ramadan and Facella; 4) Civil Conspiracy against all Plaintiffs; 5) Civil Conspiracy against Plaintiffs Apicella, Aron, Munchrath, Lopez, Ramadan and Facella; 6) Breach of Fiduciary Duties against Plaintiffs Apicella, Aron, Munchrath, Lopez, Ramadan and Facella; 7) Breach of Implied Covenant of Good Faith and Fair Dealing against Plaintiffs Apicella, Aron, Munchrath, Lopez, Ramadan and Facella; 8) Libel/Defamation against all Plaintiffs; 9) Aiding and Abetting against all Plaintiffs; 10) Breach of Contract (LLC Agreement) against Plaintiffs Apicella, Aron, Munchrath, Lopez, Ramadan and Facella. (*See* ECF No. 8).

4

Defendants Smith and Sivertsen assert a counterclaim for "Libel/Defamation" in Count VIII of the answer and counterclaims. Defendants Smith and Sivertsen claim that the allegations made in Plaintiff's Complaint are false and that Plaintiffs should be held liable for libel/defamation. Plaintiffs argue that Defendants Smith and Sivertsen's "Libel/Defamation" counterclaim must be dismissed because statements in pleadings are privileged. New Jersey's litigation privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action. Whether a defendant is entitled to the privilege is a question of law." *Hawkins v. Harris*, 141 N.J. 207, 216 (1995) (citations omitted). Where the litigation privilege applies, the defendant is immune from liability for her conduct. *Id.* at 287. "Under New Jersey law, the purposeful dissemination of defamatory allegations contained in a pleading, for purposes of obtaining publicity of the allegation, causes the otherwise privileged allegations to lose their protected status when published." *Bender v. Smith Barney, Harris Upham & Co.*, 901 F. Supp. 863, 871 (D.N.J. 1994).

Defendants cite *Bender* to argue that Plaintiffs purposefully made false statements in their Complaint to discredit Defendants, and therefore the allegations in Plaintiffs' Complaint are not privileged. In that case, a copy of a claim was sent to a member of the press. *Id.* However, in this case, Plaintiffs simply made allegations in their Complaint against Defendants and did not engage in further dissemination of the claims such that the litigation privilege would not apply. The Court is persuaded that all of the litigation privilege factors are satisfied here. As a result, the statements made by Plaintiffs in their Complaint are privileged, and this Counterclaim is not legally viable. Count VIII will be dismissed.

Having considered all of Plaintiffs' other arguments for dismissal of Defendants' counterclaims, the Court is not persuaded that claims have not been presented such that dismissal

5

of any other counterclaims is warranted. Therefore, Plaintiffs' motion to dismiss will be granted as to Count VIII of Defendant Smith and Sivertsen's counterclaims and denied as to all other counterclaims.

## II.    Plaintiffs' Motion for Partial Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A court will grant judgment on the pleadings only if the movant clearly establishes that there are no material issues of fact and he is entitled to judgment as a matter of law. *Sikirica v. Nationwide Ins. Co.,* 416 F.3d 214, 220 (3d Cir. 2005). A court will accept the complaint's well-pleaded allegations as true, and construe the complaint in the light most favorable to the nonmoving party, but will not accept unsupported conclusory statements. *DiCarlo v. St. Mary Hosp.,* 530 F.3d 255, 262 (3d Cir. 2008) (citing *Allah v. Brown,* 351 F. Supp. 2d 278, 280 (D.N.J. 2004)). Issues of fact remain as to the roles, actions, and potential liability of Defendants such that the Court is not persuaded that Plaintiffs have demonstrated that they are entitled to judgment as a matter of law. To the extent that Plaintiffs move for partial judgment on the pleadings, the motion is denied.

## III.    Plaintiffs' Motion for Sanctions

Federal Rule of Civil Procedure 11 provides that a court may impose sanctions upon an attorney or party for filing documents for an improper purpose, making frivolous arguments, or making allegations that lack evidentiary support. *See* Fed. R. Civ. P. 11(b)–(c). In deciding whether to impose sanctions, courts look objectively to whether the imposition of sanctions would be reasonable under the circumstances. *Martin v. Brown,* 63 F.3d 1252, 1264 (3d Cir. 1995). The Third Circuit has indicated that "[g]enerally, sanctions are prescribed 'only in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous.'" *Ford Motor Co. v. Summit Motor Prods., Inc.,* 930 F.2d 277, 289 (3d Cir. 1991) (quoting *Doering v.*

6

*Union County Bd. of Chosen Freeholders,* 857 F.2d 191, 194 (3d Cir. 1988)).  Rule 11 Sanctions are to be imposed only in exceptional circumstances.  In this case, Plaintiff has not sufficiently demonstrated that Defendants' Smith and Sivertsen engaged in conduct that warrants the extreme remedy of the imposition of sanctions under Rule 11.  Plaintiffs' motion for sanctions is denied.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' motion to dismiss counterclaims will be granted in part and denied in part.  Plaintiffs' motion for partial judgment on the pleadings will be denied.  Plaintiffs' motion for sanctions will be denied.  An appropriate order will follow.

ANNE E. THOMPSON, U.S.D.J.

Date: *April 3, 2017*

7